[See signature page for appearances of counsel.]

*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re INFINEON TECHNOLOGIES AG SECURITIES LITIGATION | Master File No. C-04-4156-JW |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS | **FURTHER JOINT CASE MANAGEMENT STATEMENT AND [~~PROPOSED~~] ORDER** *as modified*<br><br>Date:  July 7, 2008<br>Time:  9:00 a.m.<br>Judge:  Honorable James Ware<br>Courtroom: 8, 4th floor |

Pursuant to the Court's February 27, 2008 Order (Doc. No. 207), the parties jointly submit this Further Case Management Statement and Proposed Order, and request that the Court adopt it as its Scheduling Order. During the February 25 Case Management Conference, the Court stated that it intended to establish a timeline for Plaintiffs' motion for class certification and Defendants' motion to exclude Foreign Purchasers at the July 7 Further Case Management Conference.

## I. MEET AND CONFER REQUIREMENT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties met and conferred regarding the topics discussed in this statement.

## II. JURISDICTION AND SERVICE

Plaintiffs allege various violations of federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5(b) promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5(b). Based on these allegations, Plaintiffs contend that this Court's jurisdiction is based on Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and on Section 1331 and 1337(a) of the Judicial Code, 28 U.S.C. §§ 1331 and 1337(a).

As discussed below, Defendants believe that the federal securities laws do not apply extraterritorially to the claims of certain putative class members who purchased Infineon shares on the Frankfurt stock exchange, and Defendants intend to bring a motion for judgment on the pleadings, or to dismiss, on that ground. Plaintiffs will oppose that motion. The parties disagree about the need for and scope of discovery that may be necessary in connection with that motion and have agreed to meet and confer further in an effort to resolve the issue.

## III. DESCRIPTION OF THE CASE

### A. Procedural History, Parties, and Events Underlying the Action

This is a securities fraud class action, which is brought on behalf of an uncertified class of investors who purchased Infineon Technologies AG ("Infineon") securities between March 13, 2000, and July 19, 2004 (the "Class Period"). On September 30, 2004, Plaintiffs filed their Original Complaint. (Doc. No. 1.) Since then, Plaintiffs have amended the complaint three times, filing their most recent amended complaint, the Third Amended Complaint (the "3AC"),

1   on July 17, 2007. (Doc. No. 159.) On August 27, 2007, Defendants moved to dismiss the 3AC.
2   On January 25, 2008, this Court granted in part and denied in part Defendants' Motions to
3   Dismiss. (Doc. No. 199.)

4   Four defendants remain in the action. Infineon is a German corporation headquartered in
5   Munich. Its securities are traded on both the Frankfurt Stock Exchange ("FSE"), and it has
6   American Depository Shares ("ADS") on the New York Stock Exchange ("NYSE"). Infineon
7   Technologies North America Corp. ("Infineon NA"), a Delaware corporation, is a wholly-owned
8   subsidiary of Infineon. Ulrich Schumacher and Peter J. Fischl (collectively, the "Officer
9   Defendants") were both Infineon officers during the Class Period. Dr. Schumacher was
10  Infineon's President and CEO and the Chairman of its Management Board. Mr. Fischl was
11  Infineon's Executive Vice President and Chief Financial Officer ("CFO"). In its January 25,
12  2008 Order, the Court dismissed with prejudice Defendants T. Rudd Corwin and Heinrich
13  Florian.

14  Based on the 3AC and the Court's January 25, 2008 Order, the following are some key
15  events underlying this action. On June 19, 2002, Infineon publicly disclosed that it had been
16  subpoenaed by a grand jury in this District in connection with the Department of Justice's
17  ("DOJ's") investigation of possible antitrust violations in the Dynamic Random Access Memory
18  ("DRAM") industry. On November 10, 2003, Infineon announced that it was taking a €28
19  million accrual in connection with the DOJ's investigation and related civil litigation. On
20  July 20, 2004, Infineon announced that it was taking an additional accrual of €184 million.

21  On September 15, 2004, Infineon disclosed that it had entered into a plea agreement in
22  connection with the DOJ's DRAM investigation and agreed to pay a $ 160 million fine. Infineon
23  and four individuals pleaded guilty to fixing "the price of DRAM sold to certain OEMs" from
24  July 1, 1999, to June 15, 2002, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.
25  The 3AC alleges that Defendants misled investors by making statements during the Class Period
26  that addressed Infineon's projections about revenue, earnings, DRAM prices, and competition
27  without disclosing the price-fixing activity. 3AC ¶¶ 7, 64(a)–108(a). Plaintiffs assert claims
28  against all Defendants for violations of Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)),

FURTHER JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
MASTER FILE NO. C-04-4156-JW
sf-2536181

2

SEC Rule 10b-5(b) (17 C.F.R. § 240-10b-5(b)), and Section 20(a) of the Exchange Act (15 U.S.C. § 78t(a)).  3AC ¶¶ 7, 129–44.

    **B.**    **Principal Factual Issues in Dispute**

At this stage of the litigation, Defendants challenge all of Plaintiffs' material factual allegations.

    **C.**    **Principal Legal Issues in Dispute**

The principal legal issues currently in dispute include:

    1.    Did Defendants make any materially false and misleading statements and omissions during the Class Period?

    2.    Did Defendants act with scienter?

    3.    Did Defendants' alleged conduct cause the loss for which Plaintiffs seek to recover damages?

    4.    Did any alleged violation of the federal securities laws damage Plaintiffs?

    5.    Should the action be certified as a class action under Federal Rule 23 of the Federal Rules of Civil Procedure?

    6.    Do the federal securities laws apply extraterritorially over the claims brought by non-United States residents or non-United States citizens made in connection with the purchase and sale of Infineon securities made outside of the United States?

    7.    Defendants believe that Plaintiffs' claims are barred by the statute of limitations.  Plaintiffs do not believe that there is any reasonable basis for claiming that Plaintiffs' claims are barred by the statue of limitations.  Defendants' motion for summary judgment on this issue is currently pending before the Court.

**IV.**    **MOTIONS**

    **A.**    **Previous Motions**

Defendants have moved previously on several occasions to dismiss the complaint.  On October 12, 2005, Defendants brought two separate motions to dismiss the Consolidated Amended Complaint, which the Court granted in part and denied in part with leave to amend on May 22, 2006.  (Doc. Nos. 50, 54.)  On June 21, 2006, Defendants, Infineon, Infineon NA,

Dr. Schumacher, and Mr. Fischl, moved for partial reconsideration of the May 22, 2006 Order. (Doc. No. 102.) On September 11, 2006, the Court granted Defendants' motion for reconsideration and dismissed the Consolidated Amended Complaint for failing to plead scienter and did not reach loss causation. (Doc. No. 122.) Subsequently, on October 11, 2006, Plaintiffs filed a Second Amended Complaint. (Doc. No. 124.) On November 17, 2006, Defendants moved to dismiss the Second Amended Complaint, though they later withdrew their motions on the ground that Plaintiffs would file a 3AC. (Doc. Nos. 129, 132, 152.) On July 17, 2007, Plaintiffs filed the 3AC. (Doc. No. 159.) Defendants moved to dismiss the 3AC on August 27, 2007. (Doc. Nos. 161, 164.) Based on the parties' submissions and a hearing, the Court issued an Order on January 25, 2008, denying in part and granting in part Defendants' Motion to Dismiss the 3AC. (Doc. 199.) On March 24, 2008, following the Court's February 27, 2008 Scheduling Order, Defendants filed a motion for summary judgment based on the statute of limitations set out in the Sarbanes- Oxley Act. (Doc. 211.) The motion for summary judgment is fully briefed and remains under submission with the Court.

### B. Pending Motions

Defendants' motion for summary judgment on the issue of statute of limitations (Doc. 211) currently is under submission with the Court.

On June 11, 2008, Plaintiffs filed a motion to intervene in *In re Dynamic Random Access Memory (DRAM) Litigation*, MDL No. M:02-cv-01486-PJH, pending before Judge Phyllis Hamilton, to be allowed access to discovery in that case. In that motion, Plaintiffs describe the present case as being collateral to the *In re Dynamic Random Access Memory (DRAM) Litigation*. Infineon, through its counsel in the DRAM litigation, will respond to or oppose the motion to intervene by July 2, 2008. The matter is scheduled to be heard by Judge Hamilton on July 23, 2008.

### C. Anticipated Motions

Plaintiffs intend to file a motion for class certification.

Defendants intend to file several motions. First, Defendants may file motions for partial judgment on the pleadings. Defendants are still evaluating the scope and timing of those motions.

1  Plaintiffs believe that any motions for partial judgment on the pleadings would be premature prior
2  to the completion of relevant discovery.  Defendants believe that, by definition, a motion for
3  judgment on the pleadings does not require discovery.  To the extent Defendants bring such
4  motions, they would seek to conform the pleadings to the Court's rulings with respect to
5  particular Defendants.

6  Second, Defendants intend to file a motion for judgment on the pleadings, or to dismiss,
7  as to certain non-U.S. purchasers of Infineon common stock on the Frankfurt Stock Exchange
8  ("Foreign Purchasers").  Plaintiffs believe that this motion is premature until substantial discovery
9  is conducted with respect to Defendants' conduct and the effects of that conduct within the United
10 States.  Defendants contend that the issues related to this motion are those of law, pleading, or
11 that the relevant facts are not in dispute and Plaintiffs do not need additional discovery.

12 Fourth, upon the conclusion of all discovery, Defendants and Plaintiffs intend to bring
13 comprehensive motions for summary judgment.

## V. EVIDENCE PRESERVATION

The parties have met and conferred regarding the preservation of electronically stored evidence.  Defendants represent that they have taken all reasonable and necessary steps to preserve evidence, including all electronically stored information, relevant to the issues reasonably evident in this action, in compliance with their obligations under the Federal Rules of Civil Procedure.

## VI. DISCLOSURES

On March 24, 2008, the parties exchanged initial disclosures.

## VII. DISCOVERY

### A. Discovery Taken to Date

The parties have served initial discovery requests.

### B. Proposed Limitations and Modifications of the Discovery Rules

At this time, the parties do not request modification of the discovery rules.

Plaintiffs anticipate that additional depositions, interrogatories and requests for admission in excess the number allowed by rule will be required given the complexity of this matter.

1  Plaintiffs currently believe that at least 200 hours of deposition testimony will be required. If the
2  parties are unable to reach an agreement, Plaintiffs will file a motion for such relief.
3        Defendants believe that Plaintiffs' estimate overstates the amount of deposition time
4  necessary in this litigation, but Defendants agree to meet and confer with Plaintiffs on this issue.

5      **C.**    **Discovery Plan**
6        The parties' discovery plan is incorporated into the stipulated litigation schedule in
7  section XV, below, n.1. The Court adopted this discovery plan in its February 27, 2008
8  Scheduling Order. (Doc. No. 207.)

9      **D.**    **Confidentiality**
10       The parties have exchanged a draft protective order regarding confidential documents, and
11 will meet and confer to negotiate an appropriate stipulation for the Court's approval.

12 **VIII.**  **CLASS ACTIONS**
13     **A.**    **Class Certification**
14       Plaintiffs believe that the putative class satisfies the requirements of Fed. R. Civ. P. 23(a)
15 and Fed. R. Civ. P. 23(b)(3). The proposed class would include persons who acquired Infineon
16 securities between March 13, 2000, and July 19, 2004, excluding officers and directors of the
17 Company as well as their families and the families of the defendants, and related entities.
18       Defendants intend to dispute the inclusion of Foreign Purchasers as part of the class.
19 Until the completion of class discovery, Defendants take no position on whether a class that
20 excludes Foreign Purchasers should be certified.

21 **IX.**  **RELATED CASES**
22       There are no related cases as defined by Local Rule 3-12(a).

23 **X.**  **RELIEF**
24       Plaintiffs seek monetary damages on behalf of the proposed class resulting from losses
25 suffered in connection with their investments in Infineon securities due to the alleged violations
26 of federal securities laws. Calculating the amount of damages will require and be the subject of
27 expert discovery and opinion.
28

**XI. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

The parties met and conferred on March 11, 2008, regarding available dispute resolution options. The parties agreed to submit to private alternative dispute resolution with a JAMS mediator or similar process, within ninety days of the Court's ruling on Defendants' motion for summary judgment. Plaintiffs have agreed to provide Defendants with a list of acceptable mediators in an effort to initiate the process.

**XII. CONSENT TO MAGISTRATE JUDGE OR OTHER REFERENCES FOR ALL PURPOSES**

Defendants do not believe that this action is appropriate for assignment to a magistrate judge for trial.

**XIII. NARROWING OF ISSUES**

The parties will continue to meet and confer about narrowing issues in the case as discovery proceeds.

**XIV. EXPEDITED SCHEDULE**

Given the nature, complexity, and size of the case, as well as the amount of potential relief sought by Plaintiffs, the parties do not believe that an expedited schedule is appropriate.

**XV. SCHEDULING**

During the February 25 Case Management Conference, the Court stated that it intended to establish a timeline for class certification and Defendants' motion to exclude Foreign Purchasers at the July 7 Further Case Management Conference. The parties propose the following stipulated briefing and hearing schedule for those two motions:

| EVENT | STIPULATED SCHEDULE |
| --- | --- |
| Plaintiffs to file opening brief in support of class certification | August 25, 2008 |
| Defendants to file opening brief in support of motion regarding Foreign Purchasers | August 25, 2008 |
| Defendants to file brief in opposition to motion for class certification | November 14, 2008 |
| Plaintiffs to file brief in opposition to Foreign Purchaser motion | November 14, 2008 |

FURTHER JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
MASTER FILE NO. C-04-4156-JW
sf-2536181

7

| EVENT | STIPULATED SCHEDULE |
|---|---|
| Plaintiffs to file reply brief in support of motion for class certification | December 5, 2008 |
| Defendants to file reply brief in support of Foreign Purchaser motion | December 5, 2008 |
| Hearing on class certification and Foreign Purchaser motions[1] | December 15, 2008 |

Each of the parties reserves the right to seek an adjustment of the above schedule, subject to Court approval, for good cause.

## XVI. TRIAL

The parties currently estimate the trial will require twenty court days.

---

[1] In its February 27, 2008 Scheduling Order, the Court set the following deadlines, which the parties do not seek to amend at this time:

| EVENT | STIPULATED SCHEDULE |
|---|---|
| Disclosure of experts and expert reports (FRCP 26(a)(2)) | August 24, 2009 |
| Disclosure of rebuttal experts and rebuttal reports | September 8, 2009 |
| Preliminary Pretrial Conference Statements | September 18, 2009 |
| Preliminary Pretrial Conference | September 28, 2009 at 11:00 a.m. |
| Last day for hearing on motion to exclude expert or rebuttal expert testimony | October 20, 2009 at 9:00 a.m. |
| Close of all discovery | October 26, 2009 |
| Last date for hearing on dispositive motions | January 11, 2010 |
| Preliminary Pre-trial Conference | April 5, 2010 at 9:00 a.m. |

FURTHER JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
MASTER FILE NO. C-04-4156-JW
sf-2536181

8

| | | |
|---|---|---|
| 1 | Dated: June 23, 2008 | MORRISON & FOERSTER LLP |
| 2 | | MELVIN R. GOLDMAN<br>JORDAN ETH |
| 3 | | MIA MAZZA<br>PHILIP T. BESIROF |
| 4 | | MARK R.S. FOSTER |

By: <u>Mia Mazza [e-filing signature]</u>
        Mia Mazza

425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: jeth@mofo.com

Attorneys for Defendants

Dated: June 23, 2008                             COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
                                                 JOHN K. GRANT
                                                 CHRISTOPHER M. WOOD

By: <u>John K. Grant [e-filing signature]</u>
        John K. Grant

100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: johnkg@csgrr.com

Attorneys for Plaintiffs

## [~~PROPOSED~~] SCHEDULING ORDER

Having considered the parties' Joint Case Management Statement, the Court adopts as parties' stipulated litigation schedule in Section XV as the Case Management Order pursuant to Civil Local Rule 16-10(b). The Case Management Conference presently scheduled on July 7, 2008 is VACATED.
IT IS SO ORDERED.

Dated:   July 2, 2008                            _____
                                                 The Honorable James Ware
                                                 United States District Judge

FURTHER JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
MASTER FILE NO. C-04-4156-JW
sf-2536181

9

## ECF ATTESTATION

I, Mark R.S. Foster, am the ECF User whose ID and Password are being used to file:

## JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

In compliance with General Order 45, X.B., I hereby attest that Mia Mazza and John Grant have concurred in this filing.

Dated: June 23, 2008              MORRISON & FOERSTER LLP

By:    /s/ Mark R.S. Foster [e-filing signature]